# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DELBERT GASTON, | ) |
|       Petitioner, | ) |
|       vs. | ) Case No. 11-0789-CV-W-DGK-P |
| JEFF NORMAN,[1] | ) |
|       Respondent. | ) |

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, an inmate at the Jefferson City Correctional Center in Jefferson City, Missouri, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 8, 2011. Petitioner does not challenge his underlying state convictions or the sentences which were imposed. Rather, petitioner's sole ground for relief challenges the manner in which his sentences have been computed by the MDOC. Specifically, he contends that he is entitled to credit "for time on bond." (Doc. No. 1, pg. 6).

Respondent has filed a Motion to Dismiss, (Doc. No. 6), arguing as follows: (1) that petitioner's claims are unexhausted, and should be dismissed for failure to exhaust state court remedies; or in the alternative, (2) that because petitioner's unexhausted claims are without merit, the petition should be denied with prejudice under 28 U.S.C. § 2254(b)(2). Petitioner has filed reply suggestions. (Doc. No. 9).

## FAILURE TO EXHAUST

First, respondent is correct that petitioner has not exhausted his state court remedies. The United States Supreme Court stated in Rose v. Lundy, 455 U.S. 509, 520 (1982), that "our interpretation of §

---

[1] Because Jeff Norman, Warden of Jefferson City Correctional Center, is petitioner's custodian, he will be substituted as the appropriate respondent in this case, and the Missouri Department of Corrections will be dismissed as a party.

2254(b) and (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal courts, be sure that you first have taken each one to state court." When a Missouri prisoner wishes to challenge the calculation of credit for time served, he or she may bring an action for a declaratory judgment in the state courts. Collar v. MDOC, 314 S.W.3d 386, 389 (W.D. Mo. 2010). He or she also may seek a writ of mandamus. State v. Burgess, 128 S.W.3d 907, 909 (W.D. Mo. 2004).

Petitioner has failed to present evidence that he has pursued either a declaratory judgment or a writ of mandamus in the state courts. It does appear that he has filed a petition for a writ of habeas corpus in the Circuit Court of Cole County, Missouri. (Doc. No. 6, Respondent's Exhibit D). The state habeas petition alleges the same ground for relief as this federal habeas petition. However, the state habeas petition, which was submitted to the Cole County Circuit Court on November 14, 2011 for consideration, has not yet been ruled on. Consequently, petitioner has not exhausted state court remedies before filing this federal habeas petition.

## GROUND FOR RELIEF NOT COGNIZABLE

Even though petition has failed to exhaust his state court remedies, the Court may proceed to review the merits of an unexhausted petition. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Such is appropriate in this case because petitioner's sole ground for relief is plainly not cognizable in a federal habeas corpus proceeding.

Petitioner's sole ground for relief is that he is entitled to credit for time served while on bond. However, the United States Court of Appeals for the Eighth Circuit has held that jail time credit is a matter of legislative grace and not a constitutional guarantee. Patino v. South Dakota, 851 F.2d 1118, 1120 (8th Cir. 1988) (per curiam). Therefore, the interpretation of a state crediting statute is a state matter and "not a proper function of a federal habeas corpus court under its habeas jurisdiction." Travis v.

Lockhart, 925 F.2d 1095, 1097 (8th Cir. 1991).

Petitioner's sole ground for relief is denied, and this case will be dismissed, with prejudice.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

## ORDER

Accordingly, it is **ORDERED** that:

(1) Jefferson City Correctional Center Warden Jeff Norman is substituted as the proper party respondent, and the Missouri Department of Corrections is dismissed as a party to this case;

(2) the above-captioned petition for writ of habeas corpus is denied;

(3) this case is dismissed with prejudice; and

(4) the issuance of a certificate of appealability is denied.

      /s/ Greg Kays  
      GREG KAYS  
      UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: March 9, 2012.